Vermont Superior Court
Filed 04/05/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 383-12-20 Wncv

| Grundstein vs. Lamoille Superior Docket Entries et |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss  (Motion: 1)
Filer:       David A. Boyd
Filed Date:  February 22, 2021

The motion is GRANTED.

Defendants Attorney General T.J. Donovan, the Lamoille Superior Court, and the Lamoille Superior Clerk of Court have filed a motion to dismiss Mr. Robert Grundstein's complaint on several grounds. Mr. Grundstein also has purported to name as defendants various "docket entries" related to prior litigation in the Lamoille Civil Division about a waterfront camp property. Mr. Grundstein apparently believes that by suing docket entries, or in some other way, this lawsuit somehow may result in the alteration of the substance of docket entries in his long-final Lamoille cases, and any such alterations would in turn somehow change the outcome of those cases. Defendants were not parties to the Lamoille litigation and had nothing to do with the underlying controversy giving rise to it.

Mr. Grundstein's Lamoille cases all were appealed to the Vermont Supreme Court and finally resolved. There is no merit to Mr. Grundstein's latest attempt at sidestepping prior decisional law of the case. Docket entries are just recorded information—they are not legal entities amenable to suit. Mr. Grundstein's objective here is barely discernible, but his method—suing information and defendants who had nothing to do with the underlying controversy—plainly makes no sense. At best, on some rudimentary level, Mr. Grundstein is asking the court for what could be no more than an advisory opinion. However, "[b]y no possible construction of the Constitution of this State can this power [to decide actual legal controversies] be enlarged to include the giving of an opinion upon a question of law not involved in actual and bona fide litigation brought before the Court in the course of appropriate procedure." *In re Opinion of the Justices*, 115 Vt. 524, 529 (1949).

Attempting to put a conclusory jurisdictional gloss on prior decisions to avoid their preclusive effect has no merit.[1] See Defendants' Reply Brief at 3–4.

---

[1] There is more that could be said of abusive litigation of this sort. For now, the court confines itself to the bare

For all the reasons and those described in Defendants' motion, Defendants' Motion to Dismiss is GRANTED. Counsel for Defendants shall submit a form of judgment. V.R.C.P. 58(d).



Robert R. Bent,
Judge

issues at hand.
Entry Regarding Motion                                                                 Page **2** of **2**
383-12-20 Wncv Grundstein vs. Lamoille Superior Docket Entries et